# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM N. MOSELEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TRUTH FOR HEALTH FOUNDATION, et al., <br><br> Defendants. | Case No. 1:22-cv-01258-ADA-SAB <br><br> ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR THE FAILURE TO PROSECUTE THIS ACTION <br><br> **DEADLINE: JANUARY 3, 2023** |

Plaintiff initiated this action on October 3, 2022. (ECF No. 1.) On the same date, summonses were issued to Defendants. (ECF No. 2.) A scheduling conference is currently set for January 3, 2023. (ECF No. 3.) On December 20, 2022, the Court ordered Plaintiff to file a notice of the status of service on Defendants and whether the scheduling conference should be continued for an appropriate time, given no service documents were returned. (ECF No. 5.) Plaintiff was directed to file the status report within seven days, or December 27, 2022. However, Plaintiff's deadline has passed and Plaintiff has filed neither a status report nor any proofs of service for the Defendants in this action. As indicated in the order setting the mandatory scheduling conference, Plaintiff must "promptly file proofs of service of the summons and complaint so the Court has a record of service … [f]ailure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of unserved defendants." (ECF No. 3 at 1–2.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).

No proofs of service have been filed and Plaintiff has not filed a status report as to service, as previously ordered by the Court.  Plaintiff has thus not shown diligence in filing proofs of service and prosecuting this action, and the Court is again left to determine the readiness for the approaching scheduling conference.

Accordingly, IT IS HEREBY ORDERED that, no later than **January 3, 2023**, Plaintiff shall show cause in writing why sanctions should not issue for the failure to file proofs of service in this action and diligently prosecute this action in preparation of the scheduling conference, and for the failure to file the required status report, in compliance with the Court's December 20, 2022 order.

IT IS SO ORDERED.

Dated:   **December 28, 2022**

UNITED STATES MAGISTRATE JUDGE