# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM N. MOSELEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TRUTH FOR HEALTH FOUNDATION, et al., <br><br> Defendants. | Case No. 1:22-cv-01258-ADA-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE, GRANTING EXTENSION OF TIME TO COMPLETE SERVICE, AND CONTINUING SCHEDULING CONFERENCE <br><br> (ECF Nos. 5, 6, 8) |

      Plaintiff initiated this action on October 3, 2022.  (ECF No. 1.)  On the same date, summonses were issued to Defendants.  (ECF No. 2.)  A scheduling conference is currently set for February 28, 2023.  (See ECF No. 7.)  On December 20, 2022, the Court ordered Plaintiff to file a notice of the status of service on Defendants.  (ECF No. 5.)  On December 28, 2022, the Court ordered Plaintiff to show cause in writing why sanctions should not issue for the failure to file proofs of service in this action and diligently prosecute this action in preparation of the scheduling conference, and for the failure to file the required status report, in compliance with the Court's December 20, 2022 order.  (ECF No. 6.)

      On January 3, 2023, Plaintiff filed a response to the Court's order to show cause and status report as to service in this action.  (ECF No. 8.)  Plaintiff's counsel proffers a situation regarding a client from an unrelated matter, who suffers from severe mental illnesses, arose over the holidays and counsel was required to take this client to the emergency room and attend to

him. As a result, counsel proffers he was taken away from the office failed to timely file a status report in the instant matter. As to the status of service, Plaintiff asserts he has experienced much difficulty in locating and serving Defendants Vice Admiral John B. Nowell and Captain Shea Thompson, due to difficulties in obtaining information regarding their addresses through private investigators and from the military, gaining permissions to effect service on a military base, and working with the appropriate Judge Advocate Generals (JAG) to facilitate service. Plaintiff therefore requests a thirty-day extension of time to effect service on these Defendants.

As to Plaintiff's response to the order to show cause, the Court is satisfied with this response and shall discharge the order to show cause.

As to Plaintiff's status report on service, Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, the Court finds good cause to extend the deadline to effectuate service, and will further continue the mandatory scheduling conference to accommodate the extension. Fed. R. Civ. P 4(m); Fed. R. Civ. P. 16(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The December 28, 2022 order to show cause (ECF No. 6) is DISCHARGED;
2. Plaintiff's request for an extension of time to complete service pursuant to Fed. R. Civ. P. 4(m) (ECF No. 8) is GRANTED;
3. The deadline for Plaintiff to complete service on Defendants shall be extended to **February 3, 2023**;
4. The scheduling conference currently set for February 28, 2023, is CONTINUED to **March 23, 2023**, at **2:30 p.m.** in **Courtroom 9**; and

///

///

///

5. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:  **January 4, 2023**

_____
UNITED STATES MAGISTRATE JUDGE