# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM N. MOSELEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. NOWELL, et al.,<br><br>Defendants. | Case No. 1:22-cv-01258-ADA-SAB<br><br>ORDER REQUIRING PLAINTIFFS TO PAY SANCTIONS OF $100 PER DAY<br><br>(ECF Nos. 10, 11) |

**I.**

**BACKGROUND**

Plaintiffs initiated this action on October 3, 2022. (ECF No. 1.) On the same date, summonses were issued to Defendants. (ECF No. 2.) On December 20, 2022, the Court ordered Plaintiffs to file a notice on the status of service on Defendants and whether the scheduling conference should be continued for an appropriate time, given no service documents were returned. (ECF No. 5.) Plaintiffs failed to timely respond, and an order to show cause was issued. (ECF No. 6.) On January 3, 2023, Plaintiffs filed a response to the order to show cause, in which counsel proffered he was taken away from the office due to a mental health emergency that arose in connection with an unrelated case and was unable to timely file a status report. (ECF No. 8.) Plaintiffs also proffered counsel was having difficulty working with the appropriate JAG

1

1  to facilitate service on Defendants on a military base.  Based on these averments, the Court
2  discharged the order to show cause, extended the deadline for Plaintiff to effect service to
3  February 3, 2023, and continued the scheduling conference to March 23, 2023.  (ECF No. 9.)  As
4  of February 8, 2023, however, no proofs of service were filed on the docket in this action.  (See
5  ECF No. 10.)  Accordingly, on February 8, 2023, the Court ordered Plaintiff to file a status report,
6  no later than February 13, 2023, on the status of service on Defendants in this action.  (Id.)
7  Plaintiff was cautioned that failure to comply with the Court's order would result in the issuance
8  of a further order to show cause why sanctions should not be imposed, as well as a potential
9  recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m)
10  for failure to serve and for lack of prosecution.  (Id. at 2.)  The deadline expired, and on February
11  15, 2023, the Court issued an order requiring Plaintiffs to show cause in writing, on or before
12  February 17, 2023, as to why sanctions should not issue.  (ECF Nos. 10, 11.)  Plaintiffs have not
13  responded to the February 8, 2023 order, and the February 15, 2023 order.

## II.

## LEGAL STANDARD

16  The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is
17  to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To
18  effectuate this purpose, the rules provide for sanctions against parties that fail to comply with
19  court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed.
20  R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails
21  to obey a scheduling or other pretrial order.

22  The Court also possesses inherent authority to impose sanctions to manage its own affairs
23  so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501
24  U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all
25  others, including to protect the due and orderly administration of justice and maintain the
26  authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In
27  order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for
28  every day the defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford

Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

### III.
### DISCUSSION

No proofs of service have been filed and Plaintiffs have not filed a status report as to service, as previously ordered by the Court, nor responded to the Court's order to show cause.

### IV.
### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the Plaintiffs and Plaintiffs' counsel shall be jointly and severally obligated to pay the Clerk of the Court $100.00 per day, beginning on February 21, 2023, until the Plaintiffs file a response to the Court's orders dated February 8, 2023, and February 15, 2023, (ECF Nos. 10, 11).

IT IS SO ORDERED.

Dated:   **February 21, 2023**

UNITED STATES MAGISTRATE JUDGE