# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM N. MOSELEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOHN B. NOWELL, et al., <br><br> Defendants. | Case No. 1:22-cv-01258-ADA-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE <br><br> ORDER REQUIRING PLAINTIFFS TO PAY SANCTIONS AND DISCHARGING FURTHER SANCTIONS <br><br> ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL <br><br> (ECF Nos. 11, 12, 13, 14) |

On February 21, 2023, the Court issued an order requiring Plaintiffs to pay sanctions of $100 per day, beginning on February 21, 2023, until Plaintiffs filed a response to the Courts order to show cause that was issued on February 15, 2023. (ECF No. 12.) Twelve hours later (10:40 p.m.), Plaintiffs filed a response to the order to show cause, a request to discharge the sanctions, and a notice of voluntary dismissal of this action based on Plaintiffs' proffer of ongoing difficulties serving the Defendants who are located on a military base. (ECF Nos. 13, 14.)

Based on Plaintiffs' response to the order to show cause, and given Plaintiffs are voluntarily dismissing the action, the Court shall discharge the order to show cause and direct the Clerk of the Court to close this action. However, Plaintiffs shall be required to pay sanctions in

1

the amount of $100, for the day in which they failed to respond to this Court's order.

## I.

## SANCTIONS

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

Here, on February 8, 2023, the Court ordered Plaintiffs to file a status report on the status of service on Defendants in this action. Plaintiffs were cautioned that failure to comply with the Court's order would result in the issuance of a further order to show cause why sanctions should not be imposed, as well as a potential recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve and for lack of prosecution. (Id. at 2.)

On February 15, 2023, after Plaintiffs' deadline had passed and nothing had been filed, the Court issued an order to show cause why sanctions should not issue for the failure to prosecute this action. (ECF No. 11.) Plaintiffs were ordered to submit their response to the order to show cause no later than February 17, 2023. (Id.) However, Plaintiffs did not submit any filings by the February 17 deadline. Accordingly, on February 21, 2023, the Court issued an order requiring Plaintiffs to pay sanctions of $100 per day, beginning on February 21, 2023, until they filed a response to the Court's orders dated February 8 and 15, 2023. (ECF No. 12.) This order was docketed at 10:44 a.m.

Almost exactly twelve hours later, at 10:40 p.m., Plaintiffs filed a response to the order to show cause and a stipulation of dismissal. (ECF Nos. 13, 14.) While the Court is not satisfied with Plaintiffs' response, and Plaintiff's failure to utterly respond to the Court's orders, it shall, nevertheless. discharge the order to show cause (ECF No. 11). However, Plaintiffs shall be required to pay sanctions in the amount of $100 as accrued against them on February 21, 2023, pursuant to the Court's order (ECF No. 12). Plaintiffs were required to file a response to the February 15, 2023 order to show cause by February 17, 2023. They failed to do so. Moreover, the Court notes this is the second instance in this litigation in which it was required to order Plaintiffs to show cause for failure to submit a status report on service and readiness for the scheduling conference. (See ECF No. 6.) The Court's order indicated Plaintiffs would be required to pay daily sanctions starting February 21, 2023. Plaintiffs' 10:40 p.m. response to the prior order to show cause, filed well after business hours, does not absolve them of the obligation to pay sanctions that accrued on February 21.

Accordingly, Plaintiffs shall be required to pay sanctions in the amount of $100. All further sanctions shall be discharged.

## II.

## DISMISSAL

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment.  Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.  In this action, no Defendant has filed an answer or other responsive pleading.

## III.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The February 15, 2023, order to show cause (ECF No. 11), is DISCHARGED;
2. Plaintiffs William Moseley, Jr. and Truth for Health Foundation shall pay the Clerk of the Court $100.00 for their failure to comply with the Court's orders. Payment is due no later than **March 1, 2023**.  Plaintiffs shall file proof of payment with the Court once payment is made.  If such payment and proof of payment is not timely made, additional sanctions of $50.00 per court calendar day shall issue from March 2, 2023, until full payment is received;
3. The February 21, 2023 order imposing sanctions and any further sanctions arising therefrom (ECF No. 12) are hereby DISCHARGED; and

///

///

///

///

4. The Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: __**February 22, 2023**__

UNITED STATES MAGISTRATE JUDGE